UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. DOWNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-137 PLC |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate at the Dunklin County Justice Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's amended complaint under 28 U.S.C. § 1915(e), the Court finds it identical to, and thus duplicative of, plaintiff's pending case, *Downs v. Green, et al.*, No. 1:17-CV-135 ACL (E.D. Mo filed Nov. 27, 2017), and will dismiss the amended complaint without prejudice for this reason.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Amended Complaint**

Plaintiff's amended complaint is identical the amended complaint he filed in *Downs v. Green, et al.*, No. 1:17-CV-135 ACL (E.D. Mo. filed Nov. 27, 2017) ("*Downs I*"). On January 19, 2018, in *Downs I*, the Court entered an order issuing process on the amended complaint on defendants Nicole Green, Jimmy Smith, and Kyle Simms in their individual capacities. *See Downs I*, ECF No. 15. The Court dismissed without prejudice plaintiff's claims against defendants Ashley Green and Dr. Unknown Pewitt. *Id.*

The Court will dismiss plaintiff's amended complaint in this action without prejudice as duplicative under § 1915(e) because it is identical to plaintiff's amended complaint pending before the Court in *Downs I*. Plaintiff shall file all future pleadings in *Downs I*, using the caption *Michael Jerome Downs v. Nicole Green, et al.*, No. 1:17-CV-135 ACL.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** the Clerk of Court shall not issue process upon the amended complaint because it is identical to, and duplicative of, the amended complaint filed in

---

[1] The Court notes that plaintiff has corresponded with the Court several times through written letters. To the extent plaintiff seeks to amend allegations in the amended complaint or add defendants to the case, he must do so through an amended complaint and not through letters to the Court. *See* Fed. R. Civ. P. 10(a); Local Rule 7-4.04 ("Attorneys and pro se litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court.")

*Michael Jerome Downs v. Nicole Green, et al.*, No. 1:17-CV-135 ACL (E.D. Mo. filed Nov. 27, 2017), which is currently pending before the Court.

**IT IS FURTHER ORDERED** that plaintiff shall make all future filings in *Michael Jerome Downs v. Nicole Green, et al.*, No. 1:17-CV-135 ACL.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th day of January, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE